Hitchcock, C. J.
The record in this case shows that the original suit was commenced by Pierre Choteau, Jr., John B. Sarpy, John F. A. Sanford, and Joseph A. Sire, under the name of P. Choteau, Jr. & Co. At the trial term of the court of common pleas, and before the trial was commenced, the counsel for the res]iective parties entered into a stipulation, which is as follows : “In this case it is matter of stipulation, that in event it appears that William Brewster should have ^joined as plaintiff, it shall not affect the suit or bar a recovery in the present form. Should Brewster be offered as a witness, and received, the defendant retains the right to except to any ruling admitting him.”
On the trial, the plaintiffs, to sustain the issue on their part, among other testimony, offered in evidence the contract declared upon in the first count of the declaration, and rested in chief.
After the plaintiffs had closed their testimony in chief, the defendant examined several witnesses, and read sundry depositions to sustain his defense.
To rebut the defense made, the plaintiffs offered William Brewster as a witness, to whose examination the-witness objected, on account of his incompetency; and to show this incompetency, *120 read portions of the depositions of Nicholas Dockstader and Benjamin F. Hollister. Dockstader states that he is “acquainted with Raitt; that he is acquainted with P. Choteau, Jr., and John F. A. Sanford, of the firm of P. Choteau, Jr. & Co., and is also acquainted with William Brewster, of Detroit, but is not able to say whether said Brewster is a member of said firm or not; states that he has had dealings with said firm, and always did his business with said Brewster, and his impression always has been that Brewster was a member of said firm. Deponent resides in Cleveland, and has been engaged in the fur business there for twenty years.”
Hollister states that he “ resides at Perrysburg, in Wood county, Ohio; has been engaged in the fur business for thirty years ; that ho always understood that William Brewster was a partner with the plaintiffs.” (1)
The defendant further read, to sustain his objection, the examination of William Brewster on his voir dire, when heretofore giving a deposition in the case; on which examination, he says, “that ho is not, and never was, a partner in the firm of P. Choteau, Jr. & Co., and that he has no interest in the event of this suit.” The question is then propounded to him, *“In what relation did you stand to P. Choteau, Jr. & Co., between October 26, A. D. 1844, and May 16, a. d. 1845, or in what capacity did you act for them?” To which he replied, “The arrangement was, that the firm of P. Choteau, Jr. & Co. were to furnish money to this deponent, for the purpose of purchasing furs over a large extent of country, and the profits and loss of the transactions were to be divided between deponent and P. Choteau, Jr. & Co.” In reply to a question propounded by plaintiff’s counsel, witness states, “ Said arrangement has wholly ceased, and was closed some time in December, 1849; that he was released and discharged by said P. Choteau, Jr. & Co. from all liability therein, and has no longer any interest therein.”
Upon this evidence, the counsel for defendant contended that Brewster was a partner with plaintiffs in this transaction, and therefore interested in the event of the suit, and not competent as a witness. The court, however, overruled the objection, and held that Brewster would be competent, and might testify, provided he *121 would execute a release to P. Choteau, Jr. & Co. The release was executed, and he was examined as a witness.
This decision of the court was excepted to, and it was assigned for error in the Supreme Court, that therein the court of common pleas erred, and such was the opinion of the Supreme Court, and for this error, together with another which will hereafter be noted, the judgment of the court of common pleas was reversed.
Whether the court of common pleas erred in the decision above referred to, must depend upon the solution of two questions :
1. Whether Brewster, in making the contract with Eaitt, acted as the agent of Choteau, Jr. & Co., or, whether in this transaction, he was partner with them.
2. If a partner, is there anything in the stipulation of the counsel of the parties, as contained in the bill of exceptions, *whieh can bo so construed as to preclude the defendant from objecting to him as a witness.
Before proceeding to the consideration of these questions it may be proper to refer to an objection raised by counsel for plaintiff. It is said that whether Brewster was a partner, and interested in the case, depended, upon testimony bofor’e the court of common pleas, which must be considered and acted upon by that court; and that court having found, upon this evidence, that Brewster was not interested, this court is concluded by that finding. If the objection is well taken, it would rarely happen that this court would reverse a judgment because the court of common pleas had erred in the admission of testimony. When such questions are raised, the court, in which the trial is had, must, as a general thing, decide that question from the evidence before it. If an exception is taken, the whole evidence, relative to the point, is made part of the record, and the reviewing court is bound to look into that evidence, and, from the whole, to determine whether the inferior court did, or did not, properly admit or reject the witness.
Cóunsel have been led into an error, as I presume, from the action of this court in another class of cases. By our practice, an issue in fact may as well be submitted to the court as to the jury. This court hold, that if an issue is so submitted, no exception can be taken to the judgment of the court, upon its own finding. In such cases we hold that the court, in passing upon the issue, acts *122 as a jury, and an exception can no more be taken to the finding of the one than the other. Whether the case is submitted to the court or to the jury, the party against whom the issue is found may move for a new trial; and if that motion is overruled, may except to the opinion of the court in overruling, and in that way get the whole evidence upon the record.(1) If the case, under such circumstances, is removed by writ of error, the reviewing court must examine the whole ^evidence, and from that evidence determine whether the new trial should or should not* have been granted.
We will now proceed to examine the question, whether Brewster, in making the contract with Raitt, acted as the agent of P. Choteau, Jr. & Co., or whether, in this transaction, he was a •partner with them.
By the terms of the contract it might be difficult to ascertain the true character of Brewster. It purports to have boon made by Choteau & Co., by Brewster, with Raitt. Raitt, in purchasing furs and skins, is to be regulated by the instructions of Brewster. The furs and skins purchased by Raitt are to be and remain the propertj’' of Choteau & Co. until all the advances by them made shall be fully paid and canceled, with the interest. . The furs and skins purchased are to be delivered by Raitt to Brewster, at Detroit, who is to pay him therefor the market price at Detroit; and further, Raitt is to keep Brewster advised of the quantity of furs and skins he may have on hand, from time to time. Choteau, Jr. & Co., by Brewster, agree to advance to Raitt money with which to purchase, and for which he is to allow them interest at the rate of seven per cent. Throughout the whole contract Brewster seems to be the active man oq the one part. Choteau, Jr. & Co. have only to advance money through him, and through’ him receive the avails of such advancement. In all this, however, there is nothing inconsistent with the idea that in all this business he may have acted as the agent of P. Choteau, Jr. & Co.
To show that ho was in fact a partner in this transaction, the depositions of Dochstader and Hollister were read. It is true neither of these witnesses undertake to state positively that he was a partner, though such had been their understanding, and the former had had dealings with the firm, and Brewster was the man with whom ho dealt. This was competent testimony to have gone *123 to a jury in a ease where the question of partnership was involved, and had a jury, with this evidence before it, found that the partnership existed, a court would hardly have *granted a new trial, because the verdict was unsustained by proof.
But when we look into the examination of Brewster himself, it would seem that no doubt could remain upon the subject. He says that he was not a partner in the firm of P. Choteau, Jr. & Co.; and this was probably true, so far as concerned their general business. That was a firm doing business in the city of New York ; he was operating in the fur business, at Detroit, and in the surrounding country. He speaks of an arrangement between himself and that firm, which was in existence at the time this contract with Raitt was entered into, by which that firm was to furnish him money, and he was to purchase furs and skins over a large extent of country, and the profits and loss of the entire business were to be shared equally between himself and the company. Had the arrangement been that he was to share in the profits only, this share might well have been held to be in the nature of wages for services performed. But when he is to share in both profit and loss, he must be held as a partner. Aspinwall v. Williams, 1 Ohio, 84; Austin v. Williams, 2 Ohio, 61; 13 Ohio, 300; Channel v. Fassett, 16 Ohio, 166; Johnson v. Miller, 16 Ohio, 431.
It is not denied, by plaintiff’s counsel, that in these fur transactions Brewster was a partner with P. Chotean, Jr. & Co., but it is claimed that inasmuch as there had been a settlement between himself and his copartners of the whole business, he was not a necessary party to the suit. It will be seen that this settlement took place long after this suit was commenced. Had it been otherwise, it would have made no difference. Partners are liable for all demands against the firm, and by no arrangement among themselves can any one or more of them be relieved from this obligation. And where a suit is commenced to enforce a partnership demand, it must be in the name of all who were partners at the time the demand accrued. Such is the general rule; hut there are exceptions, as in the case of a dormant partner. This was not, however, the situation of Brewster. On the contrary, he was tho active business man *of the firm. We are clearly of the opinion that Brewster should have been a party plaintiff; that he was interested in the event of the suit. As he was not a party to *124 the record, the plaintiffs would not have had judgment but for the stipulation of counsel, heretofore referred to.
The court of common pleas seem to have supposed that when Brewster was called to the stand, he was interested, and therefore ■ incompetent, and would not permit him to testify until he had executed a release to P. Choteau, Jr. & Co. Such release could not restore his competency. As a partner, he was liable to Raitt, in the event that in the investigation of the case it should bo found there was a balance due to him. A release from Raitt was the ■necessary release to render him competent as a witness.
The next inquiry is as to the force and effect of the stipulation •of counsel before referred to, and what was its true intent and meaning. The defendant, by his counsel, agrees that if it should appear in the trial of the case, that Brewster was a necessary party, he would not, on that account, object to a judgment. This is a favor which he confers upon the plaintiffs. But he expressly reserves the right to object to Brewster as a witness should he be ■offered. As we understand the stipulation, the defendant reserved to himself the same right to object to Brewster that he would have had, had Brewster been a party upon the record, as he should have been. Brewster was an incompetent witness, and his release to Choteau & Co. did not change his situation.
The Supreme Court did not err in holding the decision of the court of common pleas, permitting him to testify, to be erroneous.
The second error assigned in the Supreme Court was, that the court of common pleas erred in admitting to the jury the copy of the letter mentioned in the bill of exceptions of March 29,1848.
Tho facts relative to the admission of this copy, as shown by the record, wore, that during the progress of the trial, and *affcer tho plaintiffs had closed their testimony in chief, they gave notice to the defendant to produce the letter referred to, which he denied having in his possession or ever having received. There was no testimony that the letter ever had been in his possession. Tho only evidence upon the subject, was that such a letter had been deposited in the post-office of Detroit, directed to the defendant. Upon this evidence the copy was received.
The record of the Supreme Court shows that one of the grounds of the reversal of the judgment of the court of common pleas was, that this notice to produce the letter was not a reasonable notice.
*125 In the opinion of this coui’t, there was no error in this. It must be an extraordinary case, where a motion to produce a paper, given during the progress of the trial, can be held to be reasonable. If it should be apparent that the paper was with a party in court, present at the trial, such a notice might be said to be reasonable. But surely where the paper is not in court, and no proof that it was ever in the possession of the party notified, such short notice can not be reasonable.
As to the question whether, by proving that a letter has been deposited in a post-office, directed to any particular person, a copy of that letter can be given in evidence to charge the person to whom it is directed, we do not deem it necessary to say anything further than this : that we should hesitate long before we should be willing to establish any such rule. In giving notice of the protest of a bill or note, all that is necessary is to establish the fact that a letter containing the notice was deposited in a post-office in due time, and properly directed. But the position assumed by plaintiffs’ counsel is, that in all cases where it can be shown that a letter was deposited in a post-office, the person to whom it is directed is to be charged with knowledge of the contents of that ■letter. We are not prepared to admit the correctness of this proposition.
The judgment of the Supreme Court is affirmed, with costs.

 Inglebright v. Hammond, 19 Ohio, 387.

 See Spafiord v. Bradley, in this volume of Reports.