Munro Hotel Co. v. Brough.

## DAMAGES—MALICIOUS PROSECUTION—TRIAL

[Hamilton (1st) Court of Appeals, April 19, 1915.]

Jones, Jones and Gorman, JJ.

### MUNRO HOTEL CO. v. JAMES BROUGH.

1. **Failure to Release Attachment on Mistake of Parties Warrant Finding of Malicious Prosecution.**

   The discovery among the belongings of J A B of canceled checks drawn by J B affords reasonable ground for the belief that the bank account upon which these checks were drawn belonged to J A B, but having been informed, after the bringing of a suit in attachment against J A B and the garnisheeing of this account, that J A B and J B were two different persons and that the said account did not belong to J A B, it became the duty of the plaintiff at once to release said attachment, and failure so to do warranted the finding in the court below that the suit was being maliciously prosecuted.

2. **Confusion in Use of "Testimony" and "Evidence" Interchangeably and "Fair Preponderance" instead of "Preponderance."**

   While it is error, in a charge to the jury, to use the words "testimony" and "evidence" interchangeably, or to use the words "fair preponderance of the evidence" instead of "preponderance of the evidence," it does not afford ground for reversal when the prejudice, if any arose from such use, was against the defendant rather than the plaintiff in error.

3. **Measure of Damages in Malicious Prosecution.**

   The measure of damages for the bringing of a suit in attachment without probable cause and maliciously is such compensatory damages as will make the plaintiff whole for expenses incurred in securing a discharge of the attachment and loss of the use of the property, together with counsel fees and punative damages on account of the humiliation and injury sustained by the plaintiff by reason of the suit.

*Harry Hess*, for plaintiff in error.
*Chas. Broadwell*, contra.

## GORMAN, J.

The action below was one to recover damages for maliciously and wrongfully suing out an attachment and garnishing funds of the defendant in error in the Fifth-Third National Bank of Cincinnati.

It appears that one James A. Brough, the son of the defendant in error, contracted a hotel bill at the Munro Hotel, operated by the plaintiff in error company, amounting to $27.50; that he had left the hotel without paying this bill, and in his room was found after he had left a suit case containing, among

other things, several returned canceled checks on the Fifth-
Third National Bank, signed by James Brough. Thereupon
plaintiff in error brought a suit before a justice of the peace
and sued out an attachment and garnisheed the funds of the de-
fendant in error in the bank aforesaid. The defendant was not
indebted to the plaintiff, but at the time of the attachment the
agents and officers of the company did not know this fact. They
supposed that James A. Brough, the son, who had in his posses-
sion the canceled returned checks, was the owner of the account
in the bank, whereas the father was the owner of the account.
The defendant in error, on learning of the attachment and
garnishment, went to the Munro Hotel and the agents thereupon
told him that he was not the person against whom suit had been
brought and that it was a mistake if his funds were attached.
He requested the attachment to be released, but it was not done.
He was obliged to and did file a motion before the justice to
discharge the attachment. The same was overruled, and he
appealed from the judgment overruling the motion, to the com-
mon pleas court, which court reversed the ruling of the justice
of the peace, discharged the attachment and issued a mandate
to the justice of the peace to enter a judgment discharging the
attachment.

The defendant in error thereupon brought this action alleg-
ing that the former action was brought maliciously and without
reasonable or probable cause. In the trial of the case below a
verdict for $200 was rendered in favor of the defendant in error,
and judgment was entered upon the verdict. Error is now prose-
cuted to reverse that judgment. Numerous errors are alleged
in the petition in error and in the brief filed by counsel for
plaintiff in error.

We believe that at the time the suit was commenced before
the justice of the peace against James Brough, *alias* James A.
Brough, the officers and agents of plaintiff in error had rea-
sonable grounds to believe that the account in the Fifth-Third
National Bank belonged to the man who had been the guest at
the hotel, but the failure of the agents and officers of the hotel
company, after being satisfied that the defendant in error was
not the man indebted to the hotel company, to discharge the

Munro Hotel Co. v. Brough.

attachment and its resistance of the motion of defendant in error to discharge the attachment in the justice's court and in the court of common pleas, we think put the plaintiff in error in the wrong. The moment that the agents and officers of the plaintiff in error were satisfied that the defendant in error was not indebted to the plaintiff in error, and that it was his funds in the bank which were attached, it became the duty of the agents and officers of the hotel company to see that the attachment was discharged with all possible dispatch. We think that the failure to do this is sufficient to warrant the finding that the prosecution was set on foot, maliciously.

The principal ground of complaint made by plaintiff in error is that the court erred in several respects in charging the jury, and that these errors were prejudicial to plaintiff in error, and therefore the judgment should be reversed.

The court, throughout the charge to the jury, used the word "testimony" instead of "evidence," and charged the jury that they must find from the preponderance of the *testimony* that the plaintiff was entitled to recover, etc., instead of from the preponderance of the *evidence*. The evidence outside of the oral testimony of the witnesses, was a letter from Mr. Slutes, the attorney for the Fifth-Third National Bank, to Charles T. Dumont, justice of the peace, advising him that the account of James Brough had been attached, a transcript of the docket and journal entries of the justice of the peace before whom the attachment was sued out, and the canceled returned checks; also, a page taken from the register of the Munro Hotel Co. This evidence was offered by the defendant in error to maintain the issues upon his part, and while the court erred in employing the word "testimony" rather than the word "evidence," we are of the opinion that this error was not prejudicial to the plaintiff in error, as the jury might well have believed that they could disregard the written evidence and consider only the oral testimony. Furthermore, we are of the opinion that the jury were not astute enough to distinguish the difference between the words "testimony" and "evidence." It is not an uncommon occurrence for the court to employ the word "testimony" as synonymous with the word "evidence," nor is it uncommon for the ordinary jury to accept the term "testimony" as the equiv-

alent of "evidence," and we are not prepared to say that if the word "evidence" had been employed rather than the word "testimony" the jury's verdict would have been different from what it was. We are, therefore, of the opinion that on this point the error of the court was not prejudicial to the plaintiff in error.

It is further claimed by plaintiff in error that the court in charging the jury used the word "*fair* preponderance of the evidence." This appears to be true, and we think it was error on the part of the court to modify the word "preponderance" by employing the word "fair." This has been held by the Supreme Court to be error, but this error was not prejudicial to plaintiff in error—it was rather prejudicial to the defendant in error—and if the verdict had been in favor of the plaintiff in error the defendant in error might be here complaining of that error of the court. But the error was favorable to the plaintiff in error and it therefore was not prejudicial.

It is further claimed that the court erred in stating to the jury that they must be "*satisfied* by the preponderance of the evidence." This has been held by the Supreme Court to be error, because it requires the jury to find by a greater degree of proof than the rule requires in civil actions before the plaintiff can recover. This error was not prejudicial to the plaintiff in error, but rather prejudicial to the defendant in error.

It is further claimed that the court erred in defining to the jury "probable cause." The court in its charge to the jury, among other things, undertook to define to the jury "probable cause," as follows:

"Probable cause may be said to be that cause which the ordinarily reasonable man or ordinarily prudent 'man would accept as a guide for himself under any like state of circumstances."

Our Supreme Court has defined "probable cause" in the case of *Ash* v. *Marler,* 20 Ohio St., 132, as:

"A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the facts were true."

This definition, we think, has been generally accepted as the correct one in describing "probable cause." Nevertheless,

the definition given by the trial court was not so far wrong as to warrant this court in holding that the jury were misled by the language employed by the court.

There are numerous other errors alleged to have been committed by the court in the charge to the jury, but on an examination of the whole charge we are satisfied that the charge was as fair to the plaintiff in error as it could reasonably ask it to be, and that the jury were not misled by the charge.

In this case the defendant in error had two remedies: he could have brought an action upon the bond to recover damages for the wrongful attachment, in which case he would have been limited to the actual damages sustained by the attachment of his money and the expense he had been put to in securing the discharge of the attachment. But the defendant in error was not bound to pursue this remedy, as he had another remedy, the one at common law, which he pursued in this case.

"It is well settled and has been uniformly held in this country, that in attachment plaintiff may be subjected to damages for attaching the defendant's property maliciously and without probable cause. The defendant's remedy in this respect is not at all interfered with by the plaintiffs having at the institution of the suit given such a bond with security, conditioned to pay all damages the defendant might sustain by reason of the attachment having been wrongfully obtained." Drake, Attachment, (6 Ed.) Par. 726.

The essential wrong in an action of this kind is the proceedings complained of were without probable cause, and from the want of probable cause malice may be inferred, or malice may be shown by the facts and circumstances of the case. The measure of damages in actions of this kind is the same as in cases of malicious prosecution.

In *Greenleaf, Evidence,* Sec. 456, the rule with reference to damages is laid down as follows:

"Whether the plaintiff has been prosecuted by indictment or by civil proceedings, the principle of awarding damages is the same; and he is entitled to indemnity for the peril occasioned him in regard to his life and liberty, for the injury to his reputation, his feelings and his person, and for all the expenses to which he necessarily has been subjected."

In this case, if the jury had found that the action was

without reasonable or probable cause and maliciously instituted, they would have been warranted in assessing not only compensatory damages, but also punitive damages; and as a part of the damages they had a right to allow reasonable counsel fees. The compensation which the defendant in error would be entitled to recover, if he made out a case, would be the expense that he had been put to in securing a discharge of the attachment, including counsel fees for services rendered in securing such discharge. He would also be entitled, as stated by Greenleaf, to compensation for the humiliation and injury to his feelings, and the publicity given to him by the bringing of such attachment, and for the injury resulting from his deprivation of the use of his funds.

The court below charged the jury that they might find punitive damages in addition to the expense plaintiff was put to, if the action for malicious attachment was without probable cause and was found to have been maliciously begun. We think the court correctly stated the rule of damages, as far as the court went; but the court would have been justified in going still further in charging the jury that they would be warranted also, if they found the plaintiff was entitled to punitive damages, in allowing him reasonable counsel fees for the prosecution of this action. The charge of the court in this regard was, therefore, as favorable to plaintiff in error as it had a right to expect. It certainly was not prejudicial to it.

Upon a review of the whole case, we are of the opinion that substantial justice was done in this case by the verdict rendered, and the judgment of the court below will be affirmed.

JONES (E. H.) and JONES (O. B.), JJ., concur.